IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11-CR-3062 |
| vs. | |
| | ORDER |
| LEANDER A. HAGGAN, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant (filing 81) that the Court has filed as a *pro se* motion for copies. Haggan has requested that the Court provide "a copy of [the] drug quantity and sentencing level" from his presentence investigation report (PSR). Haggan states that he needs this information to determine if his sentence might be affected by the recent proposal of the U.S. Sentencing Commission (U.S.S.C.) to lower the base offense levels for drug offenses. *See* News Release, U.S.S.C., *U.S. Sentencing Commission Seeks Comment on Potential Reduction to Drug Trafficking Sentences* (January 9, 2014), http://www.ussc.gov/Legislative_and _Public_Affairs/Newsroom/Press_Releases/20140109_Press_Release.pdf (last visited January 23, 2014); *see also* U.S.S.C., *Proposed Amendments to the Sentencing Guidelines* (January 17, 2014) 32, http://www.ussc.gov/Legal/ Amendments/Reader-Friendly/20140114_RFP_Amendments.pdf (last visited January 23, 2014).

The defendant does not have a right to receive copies of documents without payment. *See*, 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980); *see also, Jackson v. Fla. Dep't of Fin. Servs.*, 479 Fed. Appx. 289, 292-93 (11th Cir. 2012); *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964); *Hullom v. Kent*, 262 F.2d 862, 863-64 (6th Cir. 1959); *In re Fullam*, 152 F.2d 141, 141 (D.C. Cir. 1945).

However, the information the defendant requests is readily available to the Court. Therefore, the Court will attach the relevant portions of the PSR to this order, as well as a copy of the text minute entry for Haggan's sentencing, which was entered on June 11, 2012 (filing 63).[1] Accordingly,

---

[1] The PSR assigned Haggan a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(a)(5)(c)(3) (2011). At sentencing, however, the Court sustained Haggan's objection as

IT IS ORDERED:

1.    Haggan's motion for copies (filing 81) is granted in part and denied in part.

2.    The Clerk's Office is directed to mail a copy of this order to defendant at his address of record.

Dated this 23rd day of January, 2014.

BY THE COURT:

_John M. Gerrard_____

John M. Gerrard
United States District Judge

---

to the quantity of drugs at issue, and found that the correct base offense level was 32. *See*, filing 63 (text minute entry); filing 68; filing 77 at 74. Thus, including other adjustments, Haggan's total offense level was 31, and he was sentenced to a within-Guidelines term of 125 months' imprisonment. Filing 68.

Case No. 4:11-cr-03062, filing 63 (June 11, 2012)

TEXT MINUTE ENTRY for sentencing proceedings held before Judge John M. Gerrard in Lincoln on 6/11/12 as to defendant Leander A. Haggan. There is no plea agreement in this case. Evidence taken on defendant's objection to drug quantity and possession of gun during a drug trafficking crime. Court sustains defendant's objection as to drug quantity and finds the proper base offense level is 32 and overrules the defendant's objection to possession of a gun during a drug trafficking crime and finds the two level enhancement should apply. The Court denies defendant's motion for departure and Criminal History Category II will remain. The defendant qualifies for an additional one level for acceptance of responsibility pursuant to Government's oral motion and defendant's total offense level is a 31. On plea of guilty to Count I of the Indictment, it is ordered that the defendant is sentenced to the custody of the Bureau of Prisons for a term of 125 months, followed by 5 years of supervised release with special conditions, and pay the special assessment in the amount of $100. Execution of sentence of imprisonment suspended until no earlier than 60 days from today's date, before 1:00 p.m. on August 22nd, 2012. Defendant released pending execution of sentence of imprisonment on same terms and conditions as previously released. Appearance for Plaintiff: Bruce Gillan; Defendant: Korey Reiman, CJA; Probation Officer: Craig Ford; Courtroom Deputy: Colleen Beran; Court Reporter: digital. Time Start: 9:06 a.m.; Time Stop: 11:34; Time in Court: 2 Hours 22 Minutes. (CCB) (Entered: 06/11/2012)

**HAGGAN, Leander A.**

**Offense Level Computation**

31.     The 2011 edition of the Guidelines Manual, incorporating amendments effective November 1, 2011, has been used in assessing this case. In light of the Supreme Court opinion issued January 15, 2005, in *United States v. Booker*, 125 S.Ct. 738 (2005), the federal Sentencing Guidelines are now advisory. According to *Booker*, while not bound by the Sentencing Guidelines, the Court must consult the Guidelines and take them into account when sentencing.

32.     **Base Offense Level:** Mr. Haggan is responsible for 3,937.72 kilograms of marijuana. The applicable guideline for a violation of 21 U.S.C. 841(a)(1), (b)(1), and 846 is located at U.S.S.G. § 2D1.1(a)(5)(c)(3), which provides that an offense involving at least 3,000 kilograms but less than 10,000 kilograms of marijuana is a Base Offense Level 34.     **34**

33.     **Specific Offense Characteristics:** ████████████████████████████████████████████████████████████████. A two-level enhancement within U.S.S.G. § 2D1.1(b)(1) is applied.     **+2**

34.     **Victim-Related Adjustment:** None.     **0**

35.     **Adjustment for Role in the Offense:** None.     **0**

36.     **Adjustment for Obstruction of Justice:** None.     **0**

37.     **Adjusted Offense Level (Subtotal):**     **36**

38.     **Adjustment for Acceptance of Responsibility:** Pursuant to U.S.S.G. § 3E1.1(a), the offense level is reduced 2 levels. It further appears that the defendant entered his plea in a timely manner, for which he will receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b), since the government has motioned the Court regarding same.     **-3**

39.     **Total Offense Level:**     **33**

40.     **Chapter Four Enhancements:** None.     **0**

41.     **Total Offense Level:**     **33**

**HAGGAN, Leander A.**

### Net Monthly Cash Flow                                                                    0

### Income Tax Review

76.    The defendant did not submit state of federal income tax returns for purposes of the
presentence investigation.

### Analysis

77.    It appears unlikely that the defendant has the financial resources to pay a fine in this matter.
Community restitution is not to be ordered when a fine is not imposed. Mr. Haggan should
be required to pay his special assessment from his prison earnings.

78.    The Court is reminded of the Bureau of Prisons' Inmate Financial Responsibility Program
effective March 27, 1987, which assists prisoners through various UNICOR programs in
paying special assessments, court-ordered restitution, fines, court costs, and other financial
obligations.

## PART D.  SENTENCING OPTIONS

### Custody

79.    **Statutory Provisions:**  10 years to Life.  21 U.S.C. 841(b)(1)(A). Class A felony.

80.    **Guideline Provisions:** Based on a total offense level of **33** and a Criminal History Category
**II**, the defendant's guideline imprisonment range is **151 to 188 months.** Zone D.

### Impact of Plea Agreement

81.    There is no plea agreement in this case.

### Supervised Release

82.    **Statutory Provisions:** 5 years.  21 U.S.C. 841(b)(1)(A).

83.    **Guideline Provisions:** 5 years.  U.S.S.G. § 5D1.2(a)(1) and (c).

### Probation

84.    **Statutory Provisions:** Not authorized.  21 U.S.C. 841(b)(1)(A).

85.    **Guideline Provisions:** Not authorized.  U.S.S.G. § 5B1.1(b)(1) and (2).