IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:11-CR-3062 |
| vs. | MEMORANDUM AND ORDER |
| LEANDER A. HAGGAN, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for reduction of sentence (filing 89) pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The defendant's motion will be denied.

The First Step Act, § 404, gives retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant, those sections increased the amount of cocaine base needed to trigger higher mandatory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and 21 U.S.C. § 844. §§ 2-3, 124 Stat. 2372. The Fair Sentencing Act had the effect of reducing sentences for defendants convicted of offenses involving cocaine base.

But the only offenses covered by the First Step Act are those committed before the Fair Sentencing Act took effect—that is, those "committed before August 3, 2010." § 404(a), 132 Stat. 5194. The defendant was sentenced in 2012 for an offense committed between 2008 and 2011. *See* filing 1. He was, in fact, convicted and sentenced based on an amount of cocaine base exceeding 280 grams, pursuant to the Fair Sentencing Act's provisions. And the Court may not entertain a motion under the First Step Act "if the sentence was previously

imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." § 404(c), 132 Stat. 5194.

The "compassionate release" provision of the First Step Act also permits the Court to consider a sentence reduction on the defendant's motion if the defendant has fully exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i), *as amended*, § 603(b), 132 Stat. 5194. But the defendant does not claim to have exhausted any administrative remedies. *See* filing 89. And the "extraordinary and compelling reasons" that *might* warrant a compassionate release are such things as terminal illness, degenerative physical or mental condition, or the death or incapacitation of a partner or caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1. No comparable circumstances are present here—and "rehabilitation of the defendant alone is not, by itself, an extraordinary and compelling reason" for a sentence reduction. § 1B1.13 cmt. n.2; *see* 28 U.S.C. § 994(t).

Accordingly, while the defendant's rehabilitation is highly commendable, the Court does not have the authority to reduce his sentence on that basis.

IT IS ORDERED that the defendant's motion for reduction of sentence (filing 89) is denied.

Dated this 29th day of January, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge